UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

**Lisa Stanton**
113 Tilltag Drive, Lot #30
Balsam Lake, WI 54810

       Plaintiff,

       Case No. 20-cv-10

vs.

**Life Insurance Company of North America**
Registered Agent:
CT Corporation System
301 S. Bedford Street
Suite 1
Madison, WI 53703

       Defendant.

## COMPLAINT

The Plaintiff, Lisa Stanton, by Hawks Quindel, S.C., for her complaint against the above-named Defendant, hereby states as follows:

### PARTIES

1. Plaintiff is an adult resident of the State of Wisconsin and currently resides in Balsam Lake, Wisconsin.

2. Defendant, on information and belief, is a corporation organized under the laws of the state of Pennsylvania, licensed to do business in Wisconsin.

00694338

## JURISDICTION & VENUE

3.  As described more fully below, this is an action by a participant in an employee welfare benefit plan governed by ERISA to recover benefits due under the terms of the Plan pursuant to ERISA § 502(a)(1)(B).

4.  Jurisdiction over this action is conferred upon this court because the claims herein arise under ERISA.

5.  Venue is proper in the Western District of Wisconsin pursuant to ERISA § 502(e)(2) and 28 U.S.C. § 1391(b), because a substantial part of the events and omissions giving rise to these claims occurred in this district and, because, in substantial part, the breaches asserted herein took place in this district.

6.  Plaintiff's administrative remedies have been exhausted as a condition precedent to filing this action.

## FACTS

7.  Plaintiff is a former Team Supervisor at Residential Services of Northeastern Minnesota, Inc.

8.  During the course of Plaintiff's employment, Plaintiff became eligible for certain employee benefits, including the long-term disability insurance ("LTDI") benefits provided by the Plan.

9.  Plaintiff ceased working on September 15, 2015 due to chronic neck pain from moderate degenerative disc disease along her cervical spine.

10. Plaintiff suffers from multiple serious medical conditions, including chronic neck pain following multiple failed fusion surgeries, Addison's disease, fibromyalgia, major depression disorder, and generalized anxiety disorder.

11. Plaintiff made a claim for LTDI benefits through Defendant.

12. Defendant was responsible for determining whether Plaintiff was eligible for LTDI benefits.

13. Defendant was responsible for paying Plaintiff's LTDI benefits.

14. Defendant approved Plaintiff's claim for LTDI benefits from January 20, 2016, until January 13, 2018.

15. Plaintiff's LTDI benefit is worth approximately $1,916 per month.

16. On January 18, 2018, Defendant denied Plaintiff's LTDI benefits claim beyond January 13, 2018.

17. On August 16, 2018, Plaintiff timely appealed Defendant's denial of Plaintiff's LTDI benefits claim.

18. On December 7, 2018, in response to Plaintiff's first appeal, Defendant upheld its denial of Plaintiff's LTDI benefits claim.

19. On June 5, 2019, Plaintiff filed her second and final appeal of Defendant's denial of Plaintiff's LTDI benefits claim.

20. Per ERISA regulations, Defendant's benefit determination in response to this appeal was due within 90 days, or September 3, 2019.

21. On September 9, 2019, Plaintiff provided Defendant with a copy of correspondence from the Social Security Administration (SSA), notifying her that her claim for SSDI benefits was approved.

22. The SSA found Plaintiff to be disabled as of September 2015.

23. By correspondence dated November 27, 2019, Defendant stated that Plaintiff's appeal remained "under vocational review at this time."

24. On December 10, 2019, Defendant issued its benefit determination and again upheld its denial of Plaintiff's LTDI benefits claim. The decision was issued 188 days after Plaintiff submitted her appeal and 92 days after Plaintiff provided Defendant with a notice of her favorable disability determination from the SSA.

25. Plaintiff submitted complete medical documentation in support of Plaintiff's disability as part of the appeals.

26. Plaintiff submitted all information requested by the Defendant.

27. Defendant failed to consider the issues raised in Plaintiff's appeals.

28. Defendant ignored clear medical evidence of Plaintiff's medical conditions and disability.

29. Defendant did not perform a "full and fair review" of Plaintiff's claim.

30. Defendant failed to notify Plaintiff of the additional material necessary in order for Plaintiff to perfect Plaintiff's claim and an explanation of why that material was necessary.

31. Defendant failed to adequately explain why it rejected specific evidence in Plaintiff's file.

32. Defendant failed to engage in a meaningful dialogue with Plaintiff.

33. Defendant failed to adequately explain its reasons for denying Plaintiff benefits.

34. Defendant conducted a selective review of Plaintiff's medical records.

35. Defendant failed to adequately assess Plaintiff's employability before determining that Plaintiff is not sufficiently disabled to qualify for benefits.

36. At all times material to this complaint, Plaintiff has remained disabled as defined by the Plan.

37. At all times material to this case, the Plan has remained in full force and effect.

38. Defendant's denial of Plaintiff's claim for LTDI benefits and its failure to complete its review of Plaintiff's appeal within the timeline mandated by federal law caused Plaintiff to suffer the loss of benefits and to incur expenses.

39. Plaintiff is receiving SSDI benefits in the amount of $1,313 per month. As such, her net LTDI benefit is $603 per month.

40. The Social Security Administration determined that Plaintiff was disabled based on the same medical issues that constitute Plaintiff's claim for LTDI benefits.

### FIRST CAUSE OF ACTION: DENIAL OF BENEFITS IN VIOLATION OF SECTION 502(a)(1)(B) OF ERISA

41. The preceding paragraphs are reincorporated by reference as though set forth here in full.

42. Plaintiff has been and remains disabled, as that term is defined by the Plan.

43. Defendant wrongfully denied LTDI benefits due to Plaintiff as of January 13, 2018.

44. Plaintiff's administrative remedies are exhausted and the proper standard of review is *de novo* due to Defendant's failure to complete its review of Plaintiff's appeal within 90 days. *See* 29 C.F.R. § 2560.503-1(i)(1)(i), (i)(3)(i) and (l)(2)(i). *See also Pisek v. Kindred Healthcare, Inc. Disability Ins. Plan*, 633 F. Supp. 2d 659, 669-71 (S.D. Ind. 2007); *Estate of Malecki v. Anheuser-Busch Deferred Income, Stock Purchase & Sav. Plan*, 2012 WL 2049457 (N.D. Ill. June 5, 2012).

45. Furthermore, pursuant to *Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 115 (1989), the proper standard of review is *de novo* as the Plan has not granted the administrator discretionary authority to determine eligibility for benefits or to construe the Plan terms.

46. Alternatively, if the arbitrary and capricious standard of review applies, then Defendant arbitrarily and capriciously denied Plaintiff benefits.

47. Defendant interpreted and applied the terms and conditions of the Plan in a manner that is inconsistent with the plain language contained therein.

48. Upon information and belief, Defendant inconsistently interpreted the terms and conditions of the Plan from one case to the next.

49. As both the payer of claims and the adjudicator of claim eligibility, Defendant has an inherent conflict of interest.

50. Defendant's denial of Plaintiff's LTDI benefits was "downright unreasonable."

51. For these and other reasons, Defendant acted in violation of § 502(a)(1)(B) of ERISA when it wrongfully denied Plaintiff's claim for LTDI benefits.

**WHEREFORE** the Plaintiff, Lisa Stanton, demands judgment from the Defendant for the following:

A. Payment of all retroactive LTDI benefits owed to Plaintiff under the terms and conditions of the Plan;

B. A declaration of Plaintiff's continued eligibility for all LTDI benefits under the Plan;

C. Prejudgment interest;

D. Reasonable attorney's fees and costs related to the action; and

E. Such other and further relief that the Court deems just and equitable.

Dated: January 8, 2020

**HAWKS QUINDEL, S.C.**

By: */s/ William E. Parsons*
William E. Parsons, State Bar No. 1048594
Email: wparsons@hq-law.com
Lynn K. Lodahl, State Bar No. 1087992
Email: llodahl@hq-law.com
409 East Main Street
Madison, Wisconsin 53701-2155
Telephone: 608/257-0040
Facsimile: 608/256-0236

Attorneys for Plaintiff, Lisa Stanton